**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NATHAN RILEY                :        CIVIL ACTION
                            :
     v.                     :
JOHN PALAKOVICH             :        NO. 07-cv-0060

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief from custody.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress intentionally created a series of restrictive gatekeeping conditions which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus.  One such intentionally restrictive condition is AEDPA's strict and short statute of limitations.  Another one of these intentionally restrictive conditions is AEDPA's so-called "second or successive rule" that generally forbids a litigant from filing a habeas if that litigant had a prior habeas, attacking the same conviction and/or sentence, that was dismissed with prejudice.  Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v.

1

Horn, 115 F.3d 201 (3d Cir. 1997). In the instant situation, there is one previous 28 U.S.C. §2254 petition filed by petitioner (namely 05-cv-4541). Petitioner refers to the number "05-4541" in his petition in 07-cv-0060. Although one of the claims raised in 05-cv-4541 was dismissed without prejudice, the bulk of the claims raised in 05-cv-4541 were dismissed with prejudice on grounds of procedural default.

On January 5, 2007, petitioner filed the instant petition, labeled 07-cv-0060, in this court. He bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b). The express language of AEDPA itself is strong evidence of Congressional intent that AEDPA, and ***only*** AEDPA, is available for relief from incarceration for prisoners who make an argument for release from custody based on either the United States Constitution, or a federal law, or a treaty entered into by the United States, and that "Rule 60(b) applies ... only to the extent that it is not inconsistent with (AEDPA)." Gonzalez v. Crosby, 545 U.S. 524 (2005). Accord, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice." United States v. Baptiste, 223 F.3d 188 at 190. Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); In re

<u>Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).

In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties. <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005). An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous non-merits decision was procured without making an argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to be procedurally defaulted, or attacks on how the previous habeas case was found by the court to not be in compliance with the statute of limitations). <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005); <u>Pridgen v. Shannon</u>, 380 F.3d 721 (3d Cir. 2004). Based on what petitioner has set forth on January 5, 2007, it is, in this court's view, impossible to determine if the narrow exception to the general rules of AEDPA and the narrow exception to the general rules of Rule 60(b) carved out by the U.S. Supreme Court in <u>Gonzalez</u> and by the United States Court of Appeals for the Third Circuit in <u>Pridgen</u> applies in this case. **Petitioner alleges that the finding of procedural default in 05-cv-4541 was wrong, but he does not in any way indicate *<u>WHY</u>* he thinks it was wrong.  Petitioner also alleges that he has evidence of his "actual innocence," but he does not in any way indicate *<u>WHAT</u>* this alleged new evidence of his "actual innocence" is.  This court is of the view that it cannot make a confident and informed decision regarding petitioner's petition of January 5, 2007 in 07-cv-0060 without having this information.**

3

Accordingly, this _____ day of January, 2007, it is hereby

**ORDERED** that petitioner shall notify this court of any facts that would support his argument that that 05-cv-4541 was improperly determined by this federal district court to be procedurally defaulted, and, it is further

**ORDERED** that petitioner shall notify this court as to what exactly the evidence is that he alleges proves his actual innocence, and, it is further

**ORDERED** and that the failure of petitioner to comply with this Order within thirty (30) days shall result in the dismissal of 07-cv-0060.


                              **S/ J. CURTIS JOYNER**
                              **J. CURTIS JOYNER, U.S. District Judge**